IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00283-LTB-BNB

TENNILLE SEGURA and MARGARET RICH,

    Plaintiffs,

v.

HOBBY LOBBY STORES, INC. and RICH JONES, individually,

    Defendants.
_____

ORDER
_____

    The defendant Rich Jones, a police officer, moves for summary judgment against the plaintiffs, Tennille Segura and Margaret Rich. The motion is adequately briefed and oral argument would not materially aid its resolution. For the reasons stated below, I GRANT the motion in part and DENY it in part.

    The facts are undisputed except where otherwise noted. Officer Jones was called to a store of the defendant, Hobby Lobby Stores, Inc., after a manager of the store had observed the plaintiffs hiding at the back of the store and "dodging" between the rows of merchandise. Suspecting the women of shoplifting, the manager had detained them in his office. The plaintiffs refused to identify themselves or empty their pockets, instead insisting that the police be summoned.

    As a result of the plaintiffs' defiance, Officer Jones was unable to obtain any information about them before his arrival at the scene. Officer Jones avers that it is customary for officers to clear shoplifting suspects with the dispatcher before confronting them, which involves establishing

their identities and criminal histories. Also, never before in his experience had shoplifting suspects refused to empty their pockets.

When he arrived at the store, Officer Jones first solicited from the store manager his account. The manager informed Officer Jones that the women had been hiding in an area of the store that contained scissors, razor blades, and knives. As the manager recounted the pertinent events, he and Officer Jones entered the office, where the plaintiffs were seated. The plaintiffs both began talking, with the result that the manager and the two women all recited their assertions simultaneously. Officer Jones told the women to "shut up" until the manager was finished.

Officer Jones asked the manager for the plaintiffs' identifications, for the purpose of determining whether the women had any criminal history. The manager stated that the plaintiffs had not produced any. Officer Jones then inquired of the plaintiffs. Ms. Rich produced an identification. Ms. Segura neither produced an identification nor identified herself. Officer Jones had no cover officer. He was mindful of Ms. Segura's size and that she had been uncooperative with store management. He thus placed handcuffs on her and patted her down for weapons. He did not manacle Ms. Rich because, having relinquished her identification, she did not pose an appreciable safety or flight risk.

At this point recollections differ. Officer Jones testified in deposition that he instructed Ms. Segura to stand and turn away from him, then placed handcuffs on her. He grabbed her arms to put them in position. He did not push her against any wall. Ms. Segura then stated her name and birth date. Officer Jones used that information to establish, with the assistance of a dispatcher, that Ms. Segura had no criminal history or outstanding warrants. He then removed the handcuffs.

Ms. Segura states that Officer Jones approached her from behind and, without warning, shoved her against a wall. Her head hit the wall; she had no warning of the impending contact and thus did not have time to slacken her advance to the wall with her hands. As he handcuffed Ms. Segura, Officer Jones pressed his forearm into her back. Officer Jones then patted Ms. Segura and asked her whether she had any weapons. After speaking with the dispatcher, Officer Jones removed the handcuffs, remarking, "Those things aren't made for comfort." As Officer Jones predicted, Ms. Segura was discomforted by the manacling, which left red marks on her wrists for approximately one day. (Photographs purporting to depict Ms. Segura's outstretched arms after the incident are inconclusive.) That evening she ingested pain medication to sooth a disk in her back that she had herniated prior to this encounter.

The parties agree that, as he patted Ms. Segura for weapons, Officer Jones asked the plaintiffs' gender (he could not tell by looking at them). He then requested from the dispatcher the presence of a female officer. A female officer arrived and searched the plaintiffs for weapons. During this search she found no merchandise on them. The plaintiffs were then released with the manager's admonition that they were no longer welcome in that store. Officer Jones escorted the plaintiffs from the building.

The plaintiffs assert claims against Officer Jones pursuant to 42 U.S.C. § 1983 for infringement of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Officer Jones invokes the qualified immunity to which he is entitled under *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier*, 533 U.S. at

200. The privilege is an immunity from suit rather than a mere defense to liability. *Id*. "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*. at 201.

I am required first to inquire into the existence of a pertinent constitutional right. *Ibid*. If the facts implicate no constitutional right, the inquiry ends and I must find for Officer Jones. *Id*. On the other hand, if a violation can be made out, I am to review the specific facts of the case to determine whether Officer Jones violated a right that was clearly-established. *Id*. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. Thus, a material issue of fact on the underlying claim is insufficient, by itself, to defeat summary judgment. *Id*. This doctrine is designed to protect all but the plainly incompetent or those who knowingly violate the law. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004).

If the plaintiff successfully establishes the violation of a clearly established right, the burden shifts to the defendant, who must prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001), *cert. denied*, 535 U.S. 1056, 122 S. Ct. 1914, 152 L. Ed. 2d 824 (2002).

Ms. Rich argues only that Officer Jones violated her clearly-established rights by telling her to "shut up." I know of no authority (Ms. Rich has provided none) for the proposition that a suspect has a constitutional right to talk to, or be questioned by, a police officer. Also, the plaintiffs do not address, and thus concede, their claims under the First Amendment.

Ms. Segura suggests that Officer Jones violated her right to be free of arrest without probable cause and her right to be free from the use of unreasonable force.  Certainly, Ms. Segura enjoys the general rights she identifies.  *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Officer Jones did not violate Ms. Segura's right to be free of unreasonable seizure. Contrary to Ms. Segura's assertion, Officer Jones did not arrest her, but rather effected an investigative detention.  The store manager reported observing the plaintiffs engage in behavior giving rise to an articulable, reasonable suspicion of criminal activity, predicating a lawful detention under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).  Though Officer Jones used handcuffs to prevent Ms. Segura from fleeing, he did not deploy a weapon or make any other show of force.  He used the handcuffs, with the knowledge that Ms. Segura had refused to cooperate, only long enough to ascertain her identity and her lack of criminal record. Also, he did not handcuff Ms. Rich, who had proven cooperative and had produced her identification.  That fact lends credence to the view that the brief manacling of Ms. Segura did not constitute an arrest but was merely a device to prevent her from fleeing.  In light of her previous truculence and Officer Jones' lack of assistance, the detention was not unreasonable and infringed upon no constitutional right.

The manner in which Officer Jones detained Ms. Segura raises the question of excessive force, which constitutes an independent claim.  *Cortez v. McCauley*, 438 F.3d 980, 1001 (10th Cir. 2006).  It is undisputed that Officer Jones handcuffed Ms. Segura long enough to establish her identity and lack of criminal history, then removed the handcuffs.  However, Ms. Segura's characterization of the manacling differs from Officer Jones'.  She claims that Officer Jones

approached her from behind as he entered the room and, without warning her or asking any questions, pushed her into a nearby wall.  However implausible her account may be in light of the undisputed facts – that Officer Jones expressed concern for Ms. Segura's comfort moments later when removing the cuffs; that he made no physical contact with Ms. Rich – I am obliged to view the evidence in the light most favorable to Ms. Segura.  "Where, as here, the legal question of qualified immunity turns upon which version of facts one accepts, the jury, not the judge, must determine liability."  *Maestas v. Lujan*, 351 F.3d 1001, 1008 (10th Cir. 2003).  Pushing a shoplifting suspect from behind without warning and with no apparent purpose other than to demonstrate malice would be so unlawful that no reasonable officer in Officer Jones' position could have believed that conduct was legal.

      Accordingly, it is ORDERED that:

1) the motion for summary judgment is GRANTED in part and DENIED in part;

2) the claim by Ms. Rich against Officer Jones is dismissed;

3) Ms. Segura's claim against Officer Jones is dismissed to the extent that it is predicated upon the First Amendment and any allegations of unlawful detention, but the motion is DENIED as to Ms. Segura's claim under the Fourth and Fourteenth Amendments for excessive force.

Dated: December  8 , 2006, in Denver, Colorado.

                                                    BY THE COURT:

                                                     s/Lewis T. Babcock
                                                    Lewis T. Babcock, Chief Judge